# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYJO MILLER, individually and on behalf of her minor daughter, MARISSA MILLER; JAMI DAY, individually and on behalf of her minor daughter, GRACE KELLY; JANE DOE, individually and on behalf of her minor daughter, NANCY DOE,<br><br>*Plaintiffs*,<br><br>v.<br><br>GEORGE SKUMANICK, JR., in his official capacity as District Attorney of Wyoming County, Pennsylvania,<br><br>*Defendant*. | Civil Action No. 09-540<br>(Judge Munley) |

## MOTION FOR LEAVE TO FILE ORIGINAL COMPLAINT AND PROCEED UNDER PSEUDONYMS AND FOR PROTECTIVE ORDER

1. Plaintiffs, identified in the Verified Complaint as "Jane Doe" and "Nancy Doe," through their undersigned counsel, state that their names are pseudonyms. Plaintiffs Jane and Nancy Doe respectfully request that this Court grant their Motion for Leave to File Original Complaint and Proceed under Pseudonyms and for Protective Order.

2. Plaintiffs Jane and Nancy Doe incorporate herein by reference the legal arguments contained in the <u>Memorandum in Support of Plaintiffs Jane and Nancy Doe's Motion to Proceed under Pseudonyms and for Protective Order</u>.

3. As is more fully set forth in the accompanying legal memorandum, revealing and thereby publicizing Jane and Nancy Doe's true names in connection with this lawsuit would cause them to suffer harm in the form of social stigma, humiliation, and violation of privacy interests.

4. Courts have allowed parties to use fictitious names where necessary to protect privacy and reputation. *See, e.g., Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 371 (3d Cir. Pa. 2008) ("Although we have yet to address the issue, the decision whether to allow a plaintiff to proceed anonymously rests within the sound discretion of the court"), citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" (citation omitted)); *id.* at 324 (the "social stigma attached to the plaintiff's disclosure" overcomes presumption of openness). *See also*, *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) ("litigants may have a strong interest in protecting their privacy or avoiding physical harm") (citing 2A

James Moore, MOORE'S FEDERAL PRACTICE ¶10.02 (1995); *Doe v. Rostker,* 89 F.R.D. 158, 161 (N.D. Cal. 1981 (proceeding anonymously is appropriate where issues in case present risk of "some social stigma."). Examples of these circumstances are "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990).

5.  Since Jane and Nancy Doe's true identities are already known to defendant, permitting them to proceed pseudonymously will not disadvantage or in any way prejudice the defendant. *Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437, 439 (S.D.N.Y. 1988).

6.  Finally, effectuation of the allowance to proceed pseudonymously requires that this court issue a protective order, pursuant to Fed. R. Civ. P. 26(c), to prevent the disclosure of exhibits and other evidence presented to the court that would reveal Jane and Nancy Doe's true identities. Rule 26 authorizes a court to issue a protective order upon a demonstration of "good cause," which is established "when it is specifically demonstrated that disclosure will cause a defined and serious injury." *Doe v. Provident Life*, 176 F.R.D. at 469, (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). The defined and serious injury in

this case is, as discussed in the foregoing paragraphs, the infliction of a substantial social stigma and intrusion on Jane and Nancy Doe's privacy.

WHEREFORE, Plaintiffs Jane and Nancy Doe respectfully request that this Court enter an order granting them leave to file their original complaint and to proceed pseudonymously, to file under seal certain exhibits that would otherwise disclose their true identities, and to otherwise protect their true identities from public disclosure.

Respectfully submitted,

  /s/ Witold J. Walczak
Witold J. Walczak
PA ID No.:  62976

AMERICAN CIVIL LIBERTIES FOUNDATION
   OF PENNSYLVANIA
313 Atwood Street
Pittsburgh, PA  15213
(412) 681-7864 (tel.)
(412) 681-8707
vwalczak@aclupgh.org

  /s/ Valerie A. Burch
Valerie A. Burch
PA ID No.: 92873

AMERICAN CIVIL LIBERTIES FOUNDATION
   OF PENNSYLVANIA
105 North Front Street, Suite 225
Harrisburg, PA 17101

        (717) 236-7827 (tel.)
        (717) 236-6895 (fax)
        vburch@aclupa.org

          /s/ Seth F. Kreimer
        Seth F. Kreimer
        PA I.D. No. 26102
        3400 Chestnut Street
        Philadelphia, PA 19104
        (215) 898-7447 (tel.)

        *Counsel for Plaintiffs*

March 25, 2009

## **CERTIFICATE OF SERVICE**

I, Valerie A. Burch, HEREBY CERTIFY that on this 25th day of March, 2009, a copy of the foregoing Motion for Leave to File Original Complaint and Proceed under Pseudonyms and for Protective Order, Memorandum in support thereof and proposed order, were delivered by email to

George P. Skumanick, Jr.
District Attorney of Wyoming County
1 Courthouse Square
Tunkhannock, PA 18657-1233
bsheridan@wycopa.org

James E. Davis
Solicitor of Wyoming County
7 Marion Street
Tunkhannock, PA 18657
jdavis3@ptd.net.


/s/   Valerie A. Burch
Valerie A. Burch