IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARYJO MILLER, et al.,            :
          Plaintiffs            :
                         :
   vs.                      :
                         :    NO.  3:09cv540
GEORGE SKUMANICK, in his          :
official capacity as District Attorney  :    JUDGE MUNLEY
of Wyoming County, Pennsylvania   :
          Defendant            :

***MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION
FOR TEMPORARY RESTRAINING ORDER***

## Statement of Facts

This matter is before the Court on Plaintiffs' Complaint and Motion for

Temporary Restraining Order filed on March 25, 2009.  A hearing on Plaintiffs'

Motion for Temporary Restraining Order was held on  March 26, 2009.

Plaintiffs' motion seeks to restrain District Attorney George Skumanick

from initiating any criminal charges against the plaintiffs based on photographs

circulated by the plaintiffs or at the behest of the plaintiffs depicting the underage

girls in lewd displays.  Plaintiffs prayer for relief specifically requests that this

court enjoin District Attorney Skumanick from "initiating criminal charges against Plaintiffs Marissa Miller, Grace Kelly and Nancy Doe for the two photographs at issue, or for any other photographs of the girls unless the images depict sexual activity or exhibit genitals in a lascivious way."  Plaintiffs' do not only request protection from prosecution under Pennsylvania's Sexual Abuse of Children statute, 18 Pa.C.S. § 6312, but also any potential violation of law regarding the use or distribution of the photographs in question.


**ARGUMENT**

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances.  See, American Tel. and Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994), cert. denied, 514 U.S. 1103, 115 S. Ct. 1838, 131 L. Ed. 2d 757 (1995).  A district court may permissibly grant the "extraordinary remedy" of a temporary restraining order only if: 1) the plaintiff is likely to succeed on the merits; 2) denial will result in irreparable harm to the plaintiff; 3) granting the injunction will not result in irreparable harm to the defendant; and 4) granting the injunction is in the public interest.  P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005). The moving party must produce evidence

sufficient to convince the court that all four factors favor injunctive relief, and the court must endeavor to balance all four factors.  United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003).

Although the moving party must prove all four factors, courts have indicated that the most important prerequisites for the issuance of a preliminary injunction is likelihood of success on the merits and irreparable injury.  See, Am. Tel. & Tel. Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1427 & n.8 (3d Cir. 1994); Matthews v. Villella, 2009 U.S. Dist. LEXIS 8858 (M.D. Pa. Feb. 6, 2009).  A failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.  In re Arthur Treacher's Franchise Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982).

Because no prosecution has been initiated the Plaintiffs must demonstrate that *any* underlying criminal complaint brought regarding the two photos in question would be meritless.  Although Plaintiffs' focus was on possible charges brought under the 18 Pa.C.S. § 6312(d) , Plaintiffs seek an injunction precluding any charges against the girls.  Therefore, Plaintiffs must demonstrate that they would be successful against any prosecution of any crime associated with the photos.  During his testimony, District Attorney Skumanick indicated that in his opinion the criminal statute most directly implicated is the child pornography

statute.  However, he also indicated that their may be other appropriate charges including open lewdness, 18 Pa.C.S. § 5901 and public indecency.

Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989).  A court may not grant preliminary injunctive relief unless the preliminary injunction "the only way of protecting the plaintiff from harm." Id.  The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunctive relief is to be issued.  Id.  Speculative injury does not constitute a showing of irreparable harm.  Id.  The court in Instant Air Freight noted that "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weights heavily against a claim of irreparable harm." Id., 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1964)).

Here, it is clear that the Plaintiffs have ordinary corrective relief if they are prosecuted for the contents of the photos.  As Mr. Skumanick testified at the temporary restraining order hearing, any prosecution would be reviewed by the Wyoming County Court of Common Pleas under the juvenile code.  Any interference at this point through the Federal Court's extraordinary powers would

4

be speculative as to the County Court's ultimate disposition of criminal charges. Charges which have yet to be brought.  Making this exercise even more speculative is the fact that juvenile proceedings are rehabilative, not punitive, in nature.  This allows County Court Judges in concert with many resources to fashion custom adjudications seeking rehabilitation.  Because no charges have been filed, any interference would also stifle prosecutorial discretion.  Here, as in many other cases, the use of prosecutorial discretion should be applauded and encouraged.

Plaintiffs has not been denied any rights to hearing or trial in the state court or any appeal rights if adjudicated delinquent.  This alone should demonstrate lack of irreparable harm.  However, Plaintiffs true goal is to have this court act as both a Super-District Attorney's Office and a Super-State Court System preempting the Prosecutor's discretion and the role of the County Court as fact finder.  Using the same logic, a federal criminal defendant or possible defendant could stay federal prosecution by receiving a temporary restraining order in state court seeking protection under the Constitution of the Commonwealth of Pennsylvania.  State criminal defendants have no right to plead before the federal courts until they have completely exhausted their state remedies.  Here, Plaintiffs seek a preemptive Habeas Corpus and add another level to their already guaranteed due process

rights.  The Plaintiffs do not face irreparable harm as long as all the safe guards guaranteed by the constitution are in place.  Plaintiffs do not and can not argue that those safe guards, adjudication before a County Judge and appellate procedure, are not available.

The Plaintiffs seek to collaterally attack state criminal proceedings, therefore, the court can not reach the merits of Plaintiffs' arguments until a determination has been made whether the exercise of the court's authority is appropriate.  According to the Supreme Court, the only basis for federal court interference is where one of four exceptions exists: 1) irreparable injury is both great and immediate; 2) the state law is flagrantly and patently violative of express constitutional prohibitions; 3) there is a showing of bad faith or harassment; or 4) other unusual circumstances which call for equitable relief.  Mitchum  v.Foster, 407 U.S. 225, 230 (1971).  The caution exercised in circumstances such as these is due to the impact the State's interest in protecting its judicial system.  Huffman v. Pursue, Ltd., 420 U.S. 592 (1975).  As succinctly stated in Douglas v. City of Jeannette, 319 U.S. 157 at 163-164, 63 S.Ct. 877 at 881, 87 L. Ed. 1324:

> Courts of equity in the exercise of their discretionary powers should conform to this policy (of leaving generally to the state courts the investigation and trial of criminal cases arising under state laws) by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and

imminent; and equitable remedies infringing this independence of the states - though they might otherwise be given - should be withheld if sought on slight or inconsequential grounds.

It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions.  No person is immune from prosecution in good faith for his alleged criminal acts.   Its imminence, even though alleged to be in violation of constitutional guarantees, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction.  Where the threatened prosecution is by state officers for alleged violations of a state law, the state courts are the final arbiters of its meaning and application, subject only to review by this Court on federal grounds appropriately asserted.  Hence the arrest by the federal courts of the processes of the criminal law within the states, and the determination of questions of criminal liability under state law by federal court of equity, are to be supported only on a showing of danger of irreparable injury 'both great and immediate.

Here, the Plaintiffs have clearly not demonstrated any threat so "great and immediate" that the court needs to intervene.  The minor Plaintiffs' argue, through their parents, that the photos depicting them is underclothes and naked should, as a matter of law, not be considered criminal under any Pennsylvania law.

Additionally, Plaintiffs seek to have this court determine that any use or distribution of the photos should also be free from prosecution.  Through this filing, the Plaintiffs' parents seek to dictate not only to the county prosecutor what should or should not be determined illegal, but also to the community at large.

The federal court's extraordinary power of intervention should not be exercised to support this agenda.

## Conclusion

Plaintiffs have failed to provide support for the four factors required before a temporary restraining order may be issued.  Plaintiffs own prayer for relief makes the first prong, likelihood of success, impossible because the Plaintiffs have not presented any evidence that *any* criminal prosecution would be meritless. Plaintiffs have also failed to demonstrate irreparable harm because the harm they are focused on, conviction under the Pennsylvania sexual abuse of children statute is too speculative.  The harm to Defendant, not disputed by the Plaintiffs, is that a State District Attorney will be stripped of his discretion and authority to investigate and possibly bring charges against the Plaintiffs.  Finally, the overarching public policy issue is whether the federal court should stand in the shoes of a state prosecutor and make the determine of whether charges should be brought and sit in the chair of a County Court Judge and make the determination whether any set of facts would support any prosecution.

For the forgoing reason, it is respectfully requested that Plaintiffs' Motion for Temporary Restraining Order be denied.


KREDER BROOKS HAILSTONE LLP

220 Penn Avenue, Suite 200
Scranton, PA 18503
(570) 346-7922

BY:   /s/ A. James Hailstone
       A. James Hailstone
       Attorney I.D. #80055
       Michael J. Donohue
       Attorney I..D. #25906
       Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

AND NOW, this 27th day of March, 2009, I, A. James Hailstone, Esq., a member of the firm of Kreder Brooks Hailstone LLP, hereby certify that I this day served a copy of Defendant's Memorandum of Law in Opposition to the Motion for Temporary Restraining Order via electronic mail to Seth F. Kreimer, Valerie Burch and Witold J. Walczak.

<u>/s/ A. James Hailstone</u>
A. James Hailstone, Esq.