## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| | ) |
| MARYJO MILLER, et al., | ) |
| | ) Civil Action No. 3:09cv540 |
| *Plaintiffs*, | ) |
| | )     (Judge Munley) |
| v. | ) |
| | ) |
| GEORGE SKUMANICK, JR., | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANT'S MEMORANDUM OPPOSING
### <u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>

## I.   INTRODUCTION

Defendant Skumanick's Memorandum of Law in Opposition to Plaintiffs' Motion for Temporary Restraining Order (hereafter "Skumanick brief") does not, notably, contest plaintiffs' argument that: 1) the pictures at issue are images protected by the First Amendment[1]; 2) Pennsylvania's child-pornography statute does not extend to minors who simply "pose" for pictures[2]; and 3) the two

---

[1] *See* Memorandum in Support of Motion for Temporary Restraining Order and/or Preliminary Injunction (hereafter "plaintiffs' brief") at 20-24.

[2] *See* plaintiffs' brief at 17-20.

photographs at issue do not meet the statutory definition of prohibited sexual conduct.[3]

Instead, Skumanick suggests that if the child-pornography charges do not fit, there "may be other appropriate charges including open lewdness, 19 Pa.C.S. § 5901 and public indecency" that he could levy against the plaintiffs.  Skumanick brief at 4.  As discussed below, this argument is without merit.  But Skumanick's primary argument in opposition to the plaintiffs' motion — both during the T.R.O. hearing and in the brief — is based not on a defense of the constitutionality of his actions, but on jurisdictional concerns.  And while the issue of whether this Court has jurisdiction to hear this case is of course of utmost importance, Skumanick's vague and largely unarticulated separation-of-powers, abstention and/or exhaustion arguments do not support his contention that the Court lacks jurisdiction over plaintiffs' claims.  Those arguments are long on rhetoric, short on law, and largely misapprehend black-letter law.

## II.    ARGUMENT

### A.    The Pennsylvania Supreme Court's Construction of the Open Lewdness Statute Precludes Its Application to the Two Photographs at Issue.

---

[3] *See* plaintiffs' brief at 14-17.

The Pennsylvania Supreme Court has held that neither open lewdness, nor its predecessor statute, which was known as "public indecency," "has ever been applied, or, so far as we can tell, even argued to apply to lewd conduct before a consenting audience within a closed space."[4]  The crime is based on a "gross flouting of community standards in respect to sexuality or nudity *in public.*"[5] Moreover, unless a non-consenting member of the public views the lewd act at the time it occurs and is immediately and contemporaneously offended or frightened, an after-the-fact determination by others that the conduct was "lewd or unacceptable" cannot be used to prosecute the offense.[6]  Consequently, even if the two photos depicted "lewd conduct," which they do not, § 5901 cannot apply because the plaintiff minors' conduct in allowing the photos to be taken was not "in public" and did not offend or frighten a non-consenting person at the time.

In sum, by failing to rebut plaintiffs' arguments, Skumanick effectively concedes that he has no basis in law or fact to prosecute the girls for a violation of

---

[4] *Commonwealth v. Allsup*, 392 A.2d 1309, 1312 (Pa. 1978).

[5] *Id*. (Emphasis added; citations omitted).

[6] *Id.*

3

Pennsylvania's Crimes Code, and even if he did, the First Amendment would prevent him from doing so for the reasons articulated in plaintiffs' brief.

**B.    Federal Courts have the Authority to Enjoin State Prosecutors When their Conduct Threatens Plaintiffs' Constitutional Rights, Is Retaliatory, or Is in Bad Faith.**

A generation of Supreme Court precedents has held that federal courts, in their role as guarantors of people's constitutional rights, have the authority under certain circumstances to enjoin state prosecutors in threatened, and even in pending, criminal prosecutions. Skumanick has adopted a patently unconstitutional application of Pennsylvania's child-pornography statute, one in which he as arrogated for himself the authority to prosecute, with second- and third-degree felony charges, minors who he believes are posed "provocatively" in photographs, even if they are clothed in underwear and bathing suits and the photos are not lascivious. By threatening to prosecute plaintiffs for images that do not meet the statutory definition of child pornography and that are constitutionally protected, Skumanick has forced plaintiffs to choose "between the Scylla of intentionally flouting [the DA's demands to be placed on probation and attend the education class] and the Charybdis of forgoing what [they] believe[s] to be constitutionally protected activity in order to avoid becoming enmeshed in [a]

4

criminal proceeding."[7]  If Pennsylvania amended its law to reflect Skumanick's

statutory interpretation, this Court would not hesitate to strike the statute on

vagueness and overbreadth grounds and enjoin all prosecutions thereunder.  The

situation is not materially different here, where Skumanick has acknowledged his

unconstitutional application of the statute and has reaffirmed his intent to

prosecute if the plaintiffs do not accede to his demands that they accept his plea

offer.[8]

### 1.    The Court Has No Duty to Defer to Unconstitutional Exercises of Prosecutorial Discretion.

Skumanick claims that this Court must defer to his "prosecutorial discretion"

by leaving him free to bring prosecutions to suppress protected images that he

views as "provocative" and to bring retaliatory charges against those who refuse to

acquiesce in his efforts to reeducate the young women of Wyoming County.  This

turns the constitutional scheme on its head.  Prosecutors, like other participants in

---

[7] *Wooley v. Maynard*, 430 U.S. 705, 710 (1977) (quoting *Steffel v. Thompson*, 415 U.S. 452, 462 (1974)).

[8] *See Allee v. Medrano*, 416 U.S. 802, 815 (1974) (Supreme Court has "not hesitated ... to strike down applications of constitutional statutes which we have found to be unconstitutionally applied" when there is no interference with ongoing prosecutions) (citations omitted).

5

a criminal-justice system governed by the rule of law and the Constitution, do not

have discretion to bring baseless charges to suppress constitutionally protected

conduct.[9]  Nor does due process permit prosecutors to invent new versions of

criminal statutes to govern conduct they find problematic.[10]

Under the law of Section 1983, prosecutors are entitled to absolute immunity

from damage actions for their exercise of discretion; they are not entitled to

immunity from injunctive relief to prevent their unconstitutional prosecutions.  As

the U.S. Supreme Court has explained:

> Prosecutors enjoy absolute immunity from damages liability, but they
> are natural targets for § 1983 injunctive suits since they are the state
> officers who are threatening to enforce and who are enforcing the law.
> ... If prosecutors and law enforcement personnel cannot be proceeded
> against for declaratory relief, putative plaintiffs would have to await the
> institution of state-court proceedings against them in order to assert their

_____

[9] *Hartman v. Moore*, 547 U.S. 250, 256 ( 2006) ("the law is settled that as a
general matter the First Amendment prohibits government officials from
subjecting an individual to retaliatory actions, *including criminal prosecutions*, for
speaking out") (emphasis added); *See,e.g. Nudleman v. Borough of Dickson City
Police Dep't*, 2007 U.S. Dist. LEXIS 82370, 30-32 (M.D. Pa.  2007) (retaliatory
citation issued by police officer); *Gallis v. Borough of Dickson City*, 2006 U.S.
Dist. LEXIS 72091, 17-19 (M.D. Pa. 2006) (retaliatory and baseless charges filed
by police officer).

[10] *Cf.*, *Marks v. United States*, 430 U.S. 188, 190 (1977) (precluding
retroactive application of obscenity standards); *Rabe v. Washington*, 405 U.S. 313,
316 (1972) (per curiam); *Bouie v. Columbia*, 378 U.S. 347, 356 (1964).

federal constitutional claims.   This is not the way the law has developed.[11]

Accordingly, prosecutors, like Skumanick, who abuse their prosecutorial discretion by threatening to file charges in violation of plaintiffs' constitutional rights can be enjoined from carrying out those unconstitutional actions.

### 2.   The Law of Section 1983 Requires No Exhaustion.

Skumanick suggests that plaintiffs must "completely exhaust" state remedies in a non-existent prosecution before seeking relief.  Skumanick brief at 5.  This argument confuses *habeas corpus* rules regarding review of completed prosecutions with the law governing anticipatory relief under Section 1983. Exhaustion, as a prerequisite to Section 1983 actions, has been rejected by the Supreme Court for nearly fifty years.[12]

---

[11] *Supreme Court of Va. v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 736-737 (1980) (internal citations omitted); *accord Martin v. Keitel*, 205 Fed. Appx. 925, 928 (3d Cir. 2006).

[12] *Monroe v. Pape*, 365 U.S. 167, 183 (1961) ("The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is  invoked"); *accord Patsy v. Bd. of Regents*, 457 U.S. 496 (1982).

### 3.   Principles of Equity Mandate Relief to Prevent Unconstitutional Threatened Prosecutions.

Skuamanick maintains that relief from his threats of unconstitutional prosecution is barred by equitable principles.  This position is also misguided.   In his argument invoking *Mitchum v. Foster*[13] and *Huffman v. Pursue, Ltd.*[14] (Skumanick brief at 6-8), Skumanick confuses the rules that apply to efforts to enjoin prosecutions in state court that *have already commenced* with those that apply in cases like this one where no charges have yet been filed, and where the plaintiffs seek to *prevent* a prosecutor from bringing an unconstitutional prosecution.

It is of course true that under doctrines of "equity, comity and federalism" the federal courts are constrained (but even then not prohibited) from interfering with state prosecutions that have already commenced before state courts.[15]  But it is equally well-settled that those important principles "have little force in the

---

[13] 407 U.S. 225 (1971).

[14] 420 U.S. 592 (1975).

[15] *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) ("absent unusual circumstances, a federal court could not interfere with a pending state criminal prosecution").

8

absence of a pending state proceeding."[16]  The reason is that, "[w]hen no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles...."[17]

It has long been the law that equitable doctrine "does not prevent federal courts from enjoining state officers who threaten and are about to commence proceedings, either of a civil or criminal nature," that violate federal constitutional

---

[16] *Steffel,* 415 U.S. at 462 (citation omitted); *see also FOCUS v. Allegheny Co. Ct. Com. Pl.*, 75 F.3d 834, 843 (3d Cir. 1996) (in case seeking to interfere with state judge's handling of juvenile hearing, *Younger* abstention does not apply when "no ongoing state proceedings").

[17] *Id*.  Even if prosecution had already commenced, there is room for federal intervention to bar retaliatory proceedings that are brought without realistic basis in state law.  *See, e.g.*, *Flowers v. Seki*, 1996 U.S. App. LEXIS 15220 (9th Cir. 1996); *Nobby Lobby, Inc. v. Dallas*, 970 F.2d 82 (5th Cir. 1992);  *Fitzgerald v. Peek*, 636 F.2d 943, 945 (5th Cir. 1981); *Ruscavage v. Zuratt*, 821 F. Supp. 1078 (E.D. Pa. 1993).  As the court observed in *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. Ga. 1979), in the absence of such relief, "State officials disposed to suppress speech could easily do so by bringing oppressive criminal actions pursuant to valid statutes rather than by enacting invalid statutes or using other parts of the state legal machinery, and § 1983 would give no effective relief unless they happen to warn their victims in advance."  *Id.* at 1383.

rights.[18]  In *Doran v. Salem Inn, Inc.*,[19] the Court upheld the issuance of a

preliminary injunction to prevent prosecution under an ordinance prohibiting nude

dancing:

> Salem and Tim-Rob were not subject to state criminal prosecution at any time prior to the issuance of a preliminary injunction by the District Court. ... In the absence of such a proceeding, however, as we recognized in *Steffel*, a plaintiff may challenge the constitutionality of the state statute in federal court. ... At the conclusion of a successful federal challenge to a state statute or local ordinance, a district court can generally protect the interests of a federal plaintiff by entering a declaratory judgment, and therefore the stronger injunctive medicine will be unnecessary. But prior to final judgment there is no established declaratory remedy comparable to a preliminary injunction; unless preliminary relief is available upon a proper showing, plaintiffs in some situations may suffer unnecessary and substantial irreparable harm. Moreover, neither declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs, and the State is free to prosecute others who may violate the statute.[20]

---

[18] *Morales v. T.W.A.*, 504 U.S. 374, 381 (1992) (quoting *Ex parte Young*, 209 U.S. 123, 156 (1908)); *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 129 (2007) ("where threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat — for example, the constitutionality of a law threatened to be enforced"); *cf. Pennsylvania Pride, Inc. v. Southampton Twp.*, 78 F. Supp. 2d 359, 367 (M.D. Pa. 1999) (enjoining enforcement of unconstitutional ordinance); *Diener v. Reed*, 232 F. Supp. 2d 362, 376 (M.D. Pa. 2002) (same).

[19] 422 U.S. 922, 931 (1975).

[20] *Id.* at 931.

And in *Wooley v. Maynard*, the Supreme Court affirmed the district court's issuance of a preliminary injunction that enjoined New Hampshire prosecutors from arresting and prosecuting plaintiffs at any time in the future for violating a state statute that made it a crime to cover the motto on motor-vehicle license plates.[21]  More recent federal appeals courts decisions have affirmed the need and appropriateness of enjoining threatened prosecutions.[22]

Indeed, because the federal courts "'are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends'" and "'cannot abdicate their authority or duty in any case in favor of another jurisdiction,'"[23] this Court must exercise jurisdiction

---

[21] 430 U.S. 705.

[22] *See Mangual v. Rotger-Sabat*, 317 F.3d 45, 69 (1st Cir. 2003) (reversing district court and remanding for injunction against state criminal prosecution that violated First Amendment); *For Your Eyes Alone, Inc v. City of Columbus*, 281 F.3d 1209, 1220 (11th Cir. 2002) (abstention improper where prosecution commenced after TRO hearing and proceedings on the merits); *Agriesti v. MGM Grand Hotels*, 53 F.3d 1000 (9th Cir. 1995) (abstention improper where prosecution has not begun).

[23] *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358-59 (1989) (quoting *Chicot County v. Sherwood*, 148 U.S. 529, 534 (1893)).

over this case if it determines that the plaintiffs will be irreparably harmed unless Skumanick's threatened prosecution is enjoined.[24]

## III.   CONCLUSION

Skumanick has clearly stated his intent to bring charges against Marissa, Grace, and Nancy Doe unless they and their parents submit to his program, and he has not withdrawn that threat.  If he carries out the threat, notwithstanding the fact that his baseless and constitutionally infirm charges will ultimately be dismissed in state court, the plaintiffs will be required to spend the time, effort and expense of defending those charges, and be subjected to the obloquy of criminal proceedings. And because Skumanick is entitled to prosecutorial immunity, Marissa, Grace and Nancy Doe will lack any remedy at law that will compensate them or make them whole.

In addition, Skumanick believes that he can charge minors with illegal child pornography for any image he finds "provocative," regardless of whether the image meets the statutory definitions.  Plaintiffs are thus legitimately concerned about what other "provocative" photos may trigger

---

[24] *See, e.g.*, *id.* at 358-59 ("Our cases have long supported the proposition that federal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred.").

his prosecutorial efforts.  In the absence of preliminary relief, the plaintiff parents believe that they cannot engage in a range of protected conduct, from photographing their daughters at the beach to sharing family albums or posting them in online-photo galleries without risking criminal prosecution. And the plaintiff minors believe that they risk prosecution if they pose for such photos.  For the reasons discussed above and in Plaintiffs' Memorandum in Support of Motion for Temporary Restraining Order and/or Preliminary Injunction, this Court should issue the requested order.


Respectfully submitted,


  /s/ Witold J. Walczak
Witold J. Walczak
PA ID No.:  62976
AMERICAN CIVIL LIBERTIES
FOUNDATION OF PENNSYLVANIA
313 Atwood Street
Pittsburgh, PA  15213
(412) 681-7864 (tel.)
(412) 681-8707
vwalczak@aclupgh.org

  /s/ Valerie A. Burch
Valerie A. Burch
PA ID No.: 92873

AMERICAN CIVIL LIBERTIES
FOUNDATION OF PENNSYLVANIA
105 North Front Street, Suite 225
Harrisburg, PA 17101
(717) 236-7827 (tel.)
(717) 236-6895 (fax)
vburch@aclupa.org

   /s/ Seth F. Kreimer
Seth F. Kreimer
PA I.D. No. 26102
3400 Chestnut Street
Philadelphia, PA 19104
(215) 898-7447 (tel.)

*Counsel for Plaintiffs*

March 30, 2009