IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYJO MIILER, individually and on behalf of her minor daughter, M.M., JAMI DAY, individually and on behalf of her minor daughter, G.K., and JANE DOE, individually and on behalf of her minor daughter, Nancy Doe,<br>　　　　　Plaintiffs<br><br>　　　　V.<br><br>JEFF MITCHELL, in his official capacity as District Attorney of Wyoming County,<br>　　　　　Defendant | No. 3:09cv540<br><br>(Judge Munley) |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court is plaintiffs' complaint (Doc. 1), which seeks a permanent injunction preventing prosecution of Plaintiffs Marissa Miller, Grace Kelly and Jane Doe on charges related to two photographs. For the reasons stated below, the court will grant that injunction.

**Background**

At issue in this case is the practice of "sexting," which has become popular among teenagers in recent years. (Complaint (Doc. 1) (hereinafter

"Complt.") at ¶ 7). According to the plaintiffs, this is "the practice of sending or posting sexually suggestive text messages and images, including nude or semi-nude photographs, via cellular telephones or over the Internet." (Id.). Typically, the subject takes a picture of him- or herself with a digital camera or cell phone camera, or asks someone else to take that picture. (Id. at ¶ 8). That picture is stored as a digitized image and then sent via the text-message or photo-send function on a cell phone, transmitted by computer through electronic mail, or posted to an internet website like Facebook or MySpace. (Id. ¶ 9). This practice is widespread among American teenagers; studies show approximately 20% of Americans age 13-19 have done it. (Id. ¶ 10).

### Images and Threatened Prosecutions

In October 2008, Tunkhannock, Pennsylvania School District officials confiscated several students' cell phones, examined them and discovered photographs of "scantily clad, semi-nude and nude teenage girls." (Id. at ¶ 12). Many of these girls were enrolled in the district. (Id.). The School District reported that male students had been trading these images over their cell phones. (Id. at ¶ 13).

The School District turned the phones over to George Skumanick, then the District Attorney of Wyoming County, Pennsylvania. (Id.at ¶ 13).

Skumanick began a criminal investigation. (Id.). In November 2008, Skumanick stated to local newspaper reporters and a district assembly at Tunkhannock High School that students who possess inappropriate images of minors could be prosecuted under Pennsylvania law for possessing or distributing child pornography, 18 PENN.STAT. § 6312, or criminal use of a communication facility, 18 PENN. STAT. § 7512. (Id. at ¶ 15). Skumanick pointed out that these charges were felonies that could result in long prison terms and would give even juveniles a permanent record. (Id. at ¶ 16). Defendant contends that if found guilty of these crimes, the three minor plaintiffs would probably be subject to registration as sex offenders under Pennsylvania's Registration of Sexual Offenders Act ("Meghan's Law), 42 PENN. STAT. ¶ 9791, for at least ten years and have their names and pictures displayed on the state's sex-offender website. (Id. at ¶ 17).

On February 5, 2009, Skumanick sent letters to the parents of approximately twenty Tunkhannock students, including the adult plaintiffs in this case. (Id. at ¶ 19). Skumanick sent this letter to the students on whose cell phones the pictures were stored and to the girls shown in the photos. (Id. at ¶). According to the plaintiffs, he did not send the letter to those who had disseminated the images. (Id.).

The letter informed the parents that their child had been "identified in a police investigation involving the possession and/or dissemination of child pornography." (Id. at ¶ 20a). The letter also promised that the charges would be dropped if the child successfully completed a six- to nine-month program focused on education and counseling. (Id. at ¶ 20b). The children and parents were invited to a meeting on February 12, 2009 to discuss the issue. (Id. at ¶ 20c). The letter warned that "charges will be filed against those that do not participate or those that do not successfully complete the program." (Id. at ¶ 20d).

Skumanick held the meeting on February 12, 2009 at the Wyoming County Courthouse. (Id. at ¶ 26). At that meeting, Skumanick reiterated his threat to prosecute unless the children submitted to probation, paid a $100 program fee and completed the program successfully. (Id. at ¶ 27). When asked by one parent at the meeting why his daughter–who had been depicted in a photograph wearing a bathing suit–could be charged with child pornography, Skumanick replied that the girl was posed "provocatively," which made her subject to the child pornography charge. (Id. at ¶ 29). When the father of Marissa Miller asked Skumanick who got to decide what "provocative" meant, the District Attorney replied that he refused to argue the

4

question and reminded the crowd that he could charge all the minors that night. (Id. at ¶ 30). Instead, Skumanick asserted, he had offered them a plea deal. (Id.). He told Mr. Miller that "these are the rules. If you don't like them, too bad." (Id.).

The proposed program–which the plaintiffs call a "re-education program"–is divided between girls' and boys' programs.[1] (Id. ¶ 32). The program is designed to teach the girls to "gain an understanding of how their actions were wrong," "gain an understanding of what it means to be a girl in today's society, both advantages and disadvantages," and "identify non-traditional societal and job roles." (Id.). Included in the "homework" for the program is an assignment including "[w]hat you did" and "[w]hy it was wrong." (See Course Outline (Exh. 2 to Complt.) (Doc. 1-5)). The program was initially purported to last six to nine months, but was eventually reduced to two hours per week over five weeks. (Complt. at ¶ 31).

At the February 12 meeting, Skumanick asked all those present to sign an agreement assigning the minors to probation and to participation in the program. (Id. at ¶ 33). Only one parent agreed to sign the form for her child. (Id.). Skumanick gave the parents forty-eight hours to agree to the offer or

---

[1] The plaintiffs attach syllabi from the programs as exhibits to their complaint.

the minors would be charged. (Id. at ¶ 34). After parents objected, Skumanick extended the time frame for agreeing to his program to a week. (Id.). Skumanick told parents he would show them the photographs in question at the end of the meeting. (Id. at ¶ 35).

### The Photographs Involved

All of the adult plaintiffs here are parents of daughters whose photographs appeared on the confiscated cell phones. They all reside in the Tunkhannock School District, and their children attend the Tunkahannock Schools.

Plaintiff MaryJo Miller and her ex-husband met with Skumanick at his invitation on February 10, 2009. (Id. at ¶ 21). Skumanick showed them the photograph that involved their daughter Marissa. (Id.). The photograph in question was approximately two years old, and showed Plaintiffs Marissa Miller and Grace Kelly from the waist up, each wearing a white, opaque bra. (Id. at ¶ 22). Marissa was speaking on the phone and Grace making the peace sign. (Id.). The girls were thirteen years old at the time the picture was taken. (Id.). Despite Ms. Miller's protests to the contrary, Skumanick claimed that this image met the definition of child pornography because the girls were posed "provocatively." (Id. at ¶ 23). The Millers objected to Skumanick's

6

legal claims, insisting that their daughter had a right to a jury trial if charged. (Id. at ¶ 24). Skumanick informed them that no jury trials exists in Juvenile Court. (Id.). He also promised to prosecute both girls on felony child-pornography charges if they did not agree to his conditions. (Id. at ¶ 25). After the February 12 meeting, Skumanick showed Jane Doe the photograph of her daughter Nancy.[2] (Id. at ¶ 36). The photograph, more than a year old, showed Nancy Doe wrapped in a white, opaque towel. (Id.). The towel was wrapped around her body, just below her breasts. (Id.). It looked as if she had just emerged from the shower. (Id.).

The plaintiffs emphasize that neither of these two photographs depicted any sexual activity. (Id. at ¶ 37). Neither showed the girls' genitalia or pubic area. (Id. at ¶ 38). Skumanick said the pictures were among those on the confiscated cell phones, but he would not divulge who owned the phones. (Id. at ¶ 39). At the time that plaintiffs filed their complaint, Skumanick had refused repeated requests to provide plaintiffs' counsel with copies of the pictures. (Id. at ¶ 40). He asserted that he could be charged with a child pornography crime for sharing a copy. (Id.). The minors insist that they did

---

[2]Plaintiff Jane Doe filed her complaint under a pseudonym, seeking to protect her identity and that of her daughter. She also filed a motion for leave of court to do so. (See Doc. 3).

7

not disseminate the photographs to anyone else, but that another person sent those pictures "to a large group of people" without their permission. (Id. at ¶ 50).

### Potential Charges Against the Plaintiffs

According to the complaint, Skumanick's only basis for the threatened prosecution of the three girls is that they allowed themselves to be photographed. (Id. at ¶ 41). In early March, he asserted to plaintiffs' counsel that the three were accomplices in the production of child pornography. (Id.). During the hearing on the TRO conducted by this court on March 26, 2009, the defendant reiterated that he intended to charge the girls if they refused to participate in the education program. (Transcript of Temporary Restraining Order Hearing, March 26, 2009 (Doc. 13) (hereinafter "TRO T") at 44).

On February 25, 2009, plaintiffs received a letter dated February 23, 2009. (Compt. at ¶ 42). This letter advised parents that they were scheduled for a February 28, 2009 appointment at the Wyoming County Courthouse to "finalize the paperwork for the informal adjustment." (Id. at ¶ 43). Plaintiffs contend that an "informal adjustment" amounts to a guilty plea in the juvenile context, since it allows for probation before judgment. (Id. at ¶ 43). Parents who attended the February 28, 2009 meeting informed plaintiffs that agreeing

to the informal adjustment would subject plaintiffs to the "re-education" course, six months of probation and drug testing during those six months. (Id. at ¶ 44). All of the parents and minors except the three here involved agreed to the conditions. (Id. at ¶ 45). During the hearing on the TRO, defendant gave his word as an officer of the court that he would not bring charges against the minor plaintiffs until after the court rendered its decision. (TRO T. at 67).

**Plaintiffs' Complaint**

Plaintiffs' complaint raised three causes of action all filed pursuant to 42 U.S.C. § 1983 for violation of constitutional rights. Count I alleged retaliation in violation of plaintiffs' First Amendment right to free expression. Plaintiffs contended that the photographs in question were not in violation of any obscenity law and are thus expression protected by the First Amendment. Skumanick therefore threatened charges against them without a legitimate basis in an attempt to force the girls to abandon their constitutional rights and submit to the "re-education program," probation and drug testing. Count II alleged retaliation in violation of plaintiffs' First Amendment right to be free from compelled expression. The program in which the minor plaintiffs would be compelled to participate requires them to write a paper about "how their

9

actions were wrong." Since minor plaintiffs did not violate any law, plaintiffs contended that this requirement is compelled speech. Count III, brought by the minor plaintiffs' parents, alleged retaliation against the parents for exercising their Fourteenth Amendment substantive due process right as parents to direct their children's upbringing. Plaintiffs alleged that Skumanick's attempt to force their children to attend the class and participate in programs designed to let them "gain an understanding of how their actions were wrong," "gain an understanding of what it means to be a girl in today's society," and "identify non-traditional societal and job roles" infringed on their right to control the upbringing of their children. They sought a declaratory judgment finding the threatened prosecution retaliatory and a permanent injunction preventing the district attorney from prosecuting Marissa Miller, Grace Kelly or Nancy Doe for the two photographs in question.

**The Motion for a TRO**

Plaintiffs filed a motion for a temporary restraining order (TRO) (Doc. 2) on March 25, 2009. The motion sought an order from the court enjoining Defendant Skumanick and his officials, employees, agents and assigns from initiating criminal charges against plaintiffs Marissa Miller, Grace Kelly and Nancy Doe for the two photographs at issue, or for any other photographs of

the girls unless the images depict sexual activity or exhibit the genitals in a lascivious way.

The court then held a hearing on the plaintiffs' motion for a TRO. After listening to evidence and argument, the court ordered the parties to file briefs. The court then issued a decision (Doc. 16) granting the plaintiffs' motion for a TRO. Defendant appealed this decision. (Doc. 20). Before the Third Circuit Court of Appeals could entertain the motion, Defendant Jeff Mitchell was elected to replace Defendant George Skumanik as District Attorney for Wyoming County, Pennsylvania. The court substituted Mitchell for Skumanik, who was sued only in his official capacity, as defendant. (See Opinion of Third Circuit Court of Appeals (Doc. 31-2) at 14).

In his brief and at argument before the court of appeals, the defendant averred that charges would not be brought against Plaintiffs Marissa Miller and Grace Kelly under any of the circumstances that gave rise to this case. (Id. at 14). Though the Court of Appeals found it "curious" that defendant "did not withdraw his appeal as to these two minors and their mothers and consent to a permanent injunction," the court nevertheless concluded that this action made the claims of those plaintiffs and their mothers, MaryJo Miller and Jami Day, moot. (Id.). The court therefore "focuse[d]" its analysis "only on the

11

preliminary injunction as it applies to plaintiffs Nancy and Jane Doe." (Id.).

The Court of Appeals upheld this court's opinion, finding that "[a]t this preliminary stage we conclude that plaintiffs have shown a likelihood of success on their claims that any prosecution would not be based on probable cause that Doe committed a crime, but instead a retaliation for Doe's exercise of her constitutional rights not to attend the education program.  Therefore, we affirm the grant of a preliminary injunction and remand for further proceedings." (Id. at 35).

After receiving this mandate, the court scheduled a conference between the parties to determine how the litigation should proceed.  At this conference, counsel for the defendant stipulated that "there will be no juvenile prosecution or prosecution of any kind against the juvenile plaintiffs for any matter complained of or referred to in this litigation concerning the dissemination of photographs or pictures or any other matter relevant to the Plaintiff's complaint.  There will be no prosecution of those minor Plaintiffs at this time or at any time in the future[.]" (Transcript of Proceedings before this court on April 29, 2010 (hereinafter "T.") (Doc. 35) at 2).  As one of the minor plaintiffs is now an adult, defense counsel also agreed that "[t]here will be no prosecution either in juvenile or criminal court against any of the Plaintiffs at

this time or any time in the future." (Id. at 3). The parties further agreed that the defendant had averred before the Third Circuit Court of Appeals that Plaintiffs Miller and Kelly[3] would not be charged under any circumstances. (Id. at 4).

This stipulation effectively ends the litigation in this matter. The parties agreed that "pursuant to stipulations . . . the preliminary injunction should be permanent." (Id. at 5). Plaintiffs sough a permanent injunction as relief, and they have achieved this outcome. Thus, the only issue remaining in the case is the plaintiffs' attorney's fees. The parties agreed that the court should provide them thirty days to attempt to resolve this matter of attorneys' fees. (Id. at 7). If, after thirty days, the parties cannot resolve the matter of attorneys' fees, they will inform the court, and plaintiffs can petition the court for such fees within fifteen days. (Id.).

**Conclusion**

For the reasons stated above, the court will order that the preliminary injunction entered by this court on March 30, 2009 be made permanent. The court will also provide the parties thirty days to resolve the issue of attorneys'

---

[3]The parties referred to this Plaintiff as "Day," which is her mother's name, though the plaintiff threatened with criminal charges is actually Grace Kelly, and she is so named in the case caption. Statements to the contrary were apparently an error.

fees in this case.  The parties will be ordered to inform the court within thirty days whether they have resolved that matter.  If the parties are unable to resolve the fee dispute, the plaintiffs will be provided an additional fifteen days to file a petition for attorneys' fees with the court.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARYJO MIILLER, individually and on behalf of her minor daughter, M.M., JAMI DAY, individually and on behalf of her minor daughter, G.K., and JANE DOE, individually and on behalf of her minor daughter, Nancy Doe,** : : : : : : : : : : | No. 3:09cv540 (Judge Munley) |
| **Plaintiffs** : : | |
| **V.** : : | |
| **JEFF MITCHELL, in his official capacity as District Attorney of Wyoming County,** : : : : | |
| **Defendant** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 30th day of April 2010, the plaintiffs' motion for a permanent injunction is hereby **GRANTED**. The defendant, Wyoming County District Attorney Jeff Mitchell, and his officials, employees, agents and assigns, are hereby **PERMANENTLY ENJOINED** from initiating criminal charges against plaintiffs Marissa Miller, Grace Kelly and Nancy Doe for the two photographs at issue. This order shall be effective immediately. The Clerk of Court is hereby **ORDERED** to **CLOSE** the case.

The parties are hereby **ORDERED** to inform the court within **THIRTY** (30) days of the date of this order whether they have resolved the issue of attorneys' fees.  If the parties are unable to resolve that issue, plaintiffs shall file their petition for attorneys' fees within **FIFTEEN** (15) days of the date on which the parties inform the court that they are unable to resolve the issue.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**